IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KAYC MESQUITA,** on behalf of himself, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> **BRAZILIAN BOWL, INC., AN ILLINOIS CORPORATION, BRAZILIAN RESTAURANT GROUP, INC., AN ILLINOIS CORPORATION , LAWRENCE TOBIA, INDIVIDUALLY AND TONY FERREIRA, INDIVIDUALLY** <br><br> Defendants. | **No.** 20-cv- <br><br> **District Judge** <br><br> Magistrate Judge <br><br> ***JURY DEMAND*** |

## COMPLAINT

NOW COMES Plaintiff, **KAYC MESQUITA,** ("Plaintiff" or "named Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, John W. Billhorn and Samuel D. Engelson of Billhorn Law Firm, and for his Complaint against Defendants, **BRAZILIAN BOWL, INC., BRAZILIAN RESTAURANT GROUP, INC., LAWRENCE TOBIA AND TONY FERREIRA** (the "Defendants"), states as follows:

### I.   NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq*.

## II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois and municipal statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

## III. THE PARTIES

3. Defendant, **BRAZILIAN BOWL, INC.** (hereinafter referred to individually as "BBI") is an Illinois corporation that owns and operates a restaurant operating as "Brazilian Bowl" located at 3204 N. Broadway St. #2 in Chicago, Illinois. Defendant BBI is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendant, **BRAZILIAN RESTAURANT GROUP, INC.** (hereinafter referred to individually as "BRG") is an Illinois corporation that owns and operates a restaurant operating as a second location of "Brazilian Bowl" located at 78 W. Schiller St. in Chicago, Illinois. Defendant BRG is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times,

Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

5. Defendant **LAWRENCE TOBIA** is the owner and President of Defendants BBI and BRG (referred to collectively as "Brazilian Bowl"). In his capacity as owner and president of Brazilian Bowl, Tobia was vested with the authority to implement and carry out the wage and hour practices of Brazilian Bowl. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Tobia and Tobia in turn responded to those communications with the authority described above. Thus, at all times relevant hereto Tobia was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

6. Defendant **TONY FERREIRA** is the manager of both Brazilian Bowl locations. In his capacity as manager of Brazilian Bowl, Ferreira was vested with the authority to implement and carry out the wage and hour practices of Brazilian Bowl. Upon information and belief, Ferreira also acted in the same or similar role for both BBI and BRG. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Ferreira and Ferreira in turn responded to those communications with the authority described above. Thus, at all times relevant hereto Ferreira was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied

upon, is an "employer". and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

7. The Corporate Defendants, BBI and BRG are related in substantive ways, as Plaintiff concurrently performed front and back of house restaurant work at both Brazilian Bowl locations, oftentimes within the same workday, as assigned by Tobia and Ferreira. Plaintiff used the same time-keeping mechanism at both locations and received one paycheck for work performed at both locations. Therefore, BBI and BRG constitute a single enterprise under the law. At all times relevant hereto, the corporate Defendants ("Joint Employers") a) performed related activities; b) through unified operation or common control; c) for a common business purpose.

8. Plaintiff, **KAYC MESQUITA,** is a former employee of Defendants who performed numerous front and back of house duties at Defendants' restaurants including cooking, serving, cashiering, etc. at both Brazilian Bowl locations. Plaintiff consistently worked over 40 hours per week without compensation at a rate of one and one-half his regular rate of pay. Furthermore, tips received by Plaintiff, and the putative class, were not properly calculated into the underlying regular rate of pay.

9. Additionally, although Plaintiff was clearly an employee earning wages for Defendants at their Brazilian Bowl restaurants, Defendants failed to adhere to any Internal Revenue Service or Department of Labor regulations related to employment taxes and classifications. Defendants failed to issue Plaintiff, and those similarly situated, any end-of-

year tax documents (i.e. Form W-2 or 1099) and thereby decreased the amount taxes paid by Defendants to the United States Treasury and depriving Plaintiff and members of the Plaintiff Class of contributions to Social Security, Medicare and Medicaid.

10. Lastly, Defendants have and continue to withhold (as of the filing of this Complaint) Plaintiff's final paycheck for wages earned immediately prior to his separation from Defendants' employ.

11. Defendants compensated Plaintiff, and members of the Plaintiff Class on an hourly basis but failed to pay one-and one-half times the employees' hourly straight time rates. Defendants' failure to properly calculate the overtime rate and compensate Plaintiff and other members of the Plaintiff Class at the applicable overtime rate for work in excess of forty hours in a workweek is in violation of the local, state and federal laws relied upon herein.

12. All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who were also paid only their regular, straight time hourly rate and did not receive an overtime premium at a rate of one-and one-half their effective hourly rate of pay for hours worked in excess of 40 in a workweek as described herein.

13. As an employee(s) performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV. STATUTORY VIOLATIONS

### Collective Action Under The Fair Labor Standards Act

14. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

15. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Chicago Minimum Wage Ordinance

16. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 *et seq.*, of the Municipal Code of Chicago, Counts V and VI of this action are brought by Plaintiff to recover unpaid back wages, including overtime and minimum wages, respectively, earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Counts V and VI. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

**Illinois Wage Payment and Collection Act**

17. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count VI of this action is brought by Plaintiff to recover his final compensation of wages and other compensation earned from the Defendants.

V. **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

18. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

19. Plaintiff began working for Defendants in approximately February 2018 and was hired to be a server. Plaintiff separated from Defendants in January 2020.

20. Plaintiff performed a variety of front and back of the house duties at both Brazilian Bowl locations, including working as a prep cook and line cook, serving tables, and working the cash register for takeout orders. The duties Plaintiff performed varied each day. Plaintiff would often alternate between some or all of these duties within individual shifts.

21. Plaintiff was paid $12.00 per hour when he began working for Defendants. Plaintiff later received a raise to $13.00 per hour. At times, Plaintiff was paid below the minimum wage for non-tipped hourly employees required by the City of Chicago.

22. Plaintiff typically worked six (6) days per week for at least 10 hours per day. Plaintiff's shifts often lasted 12 hours each day. On a regular basis, Plaintiff worked seven (7) days per week. The start and end times of Plaintiff's shifts varied, as he did not work the same exact schedule each week.

23. During 2018, Plaintiff would work the morning shift a Defendants' Broadway Street location. This morning shift was typically 7:00 a.m. to 4:00 p.m. Plaintiff would then

work the afternoon/night shift at Defendants' Schiller Street location from 4:30 p.m. to at least 10:00 p.m. Plaintiff was required by Defendants to clock out at 4:00 p.m. when he completed his shift at the Broadway restaurant and clock in when he arrived at the Schiller location. Defendants did not compensate Plaintiff for this travel time that occurred during the workday for the benefit for the employer.

24. In 2019, Plaintiff worked exclusively at the Broadway Street location and continued to work shifts that were at least 10-12 hours each.

25. During his entire employment with Defendants, Plaintiff, and members of the Plaintiff Class, were paid on a weekly basis paper, company check. Plaintiff, and members of the Plaintiff Class, were only paid their regular, straight time rates of pay for all hours worked, including overtime-eligible hours in excess of 40 hours in a single work week.

26. Plaintiff occasionally received some additional pay that Defendants labeled as "tips" in addition to his regular hourly pay. The tip amount was almost always $60. However, this amount was not factored into Plaintiff's effective hourly rate as required by law.

27. Plaintiff separated from Defendants' restaurants in early January 2020. Defendants withheld and continue to withhold Plaintiff's final paycheck that includes wages for work performed from approximately December 15 – 21, 2019.

28. Plaintiff, and members of the Plaintiff Class, on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half their effective hourly rate for such hours pursuant to the requirements of the federal, state and local statutes herein relied upon.

29. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

30. The claims brought herein by the named Plaintiff are based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## **COUNT I**

## **VIOLATION OF FAIR LABOR STANDARDS ACT**

1-30. Paragraphs 1 through 30 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 30 of this Count I.

31. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular/effective rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

32. Defendants have at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-32. Paragraphs 1 through 32 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 32 of Count II.

33. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

34. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-34. Paragraphs 1 through 34 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 34 of Count III.

35. In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

11

36. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-36. Paragraphs 1 through 36 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 36 of this Count IV.

37. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

38. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

39. Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute; and

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-39. Paragraphs 1 through 39 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 39 of this Count V.

40. Plaintiff was an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

41. Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

42. Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rates of pay.

43. Defendants' failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular effecitve hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

(b) Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c) Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT VI

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-43. Paragraphs 1 through 43 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 43 of this Count VI.

44. Plaintiff was an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and was not exempt from the minimum wage provisions of the CMWO, § 1-24-050.

45. Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

46. Under § 1-24-020(a), Plaintiff was entitled to be compensated according to the minimum wage requirements of CMWO.

47. Defendants' failure and refusal to pay the minimum wages was a violation of the maximum hour provisions of the § 1-24-040.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

(b) Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c) Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT VII

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AN COLLECTION ACT

1-47. Paragraphs 1 through 47 of Count VI are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 47 of this Count VII.

48. Plaintiff was an "employee" under the IWPCA, 820 ILCS § 115/2.

49. Plaintiff was not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

50. Defendants were each an "employer" under the IWPCA, 820 ILCS § 115/2.

51. During the employment of the named Plaintiff, Defendants illegally withheld and continue to withhold Plaintiff's final earned wages and compensation for work

performed for the benefit of the Defendants prior to his separation. Defendants failed to tender Plaintiff his earned compensation, by way of non-payment of final, earned wages, in accordance with the Act.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order awarding:

(a) Judgment in an amount to be determined at trial for all of the earned wages, agency withholding deposits and final compensation due to Plaintiff;

(b) Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

(c) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(d) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 03/04/2020*

*s/John W. Billhorn*

_____

John William Billhorn
Attorney for Plaintiff

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450